IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Civil Action No.: 3:08-CV-193

| | |
|---|---|
| DAVID R. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

The Plaintiff, David R. Graham, being duly sworn, alleges and says the following:

### *JURISDICTIONAL STATEMENT & PARTIES*

1. The Plaintiff is an adult citizen and resident of York County, South Carolina.

2. The Defendant, Bank of America, was, and continues to be a corporate business entity authorized to conduct and is conducting business within the State of North Carolina.

3. At all times relevant herein, the corporate Defendant was, and continues to be an "employer" within the meaning of the Family & Medical Leave Act of 1993, as amended, 29 U.S.C. § 2612, *et seq.* (hereinafter referred to as "the FMLA"), in that it is engaged in commerce and/or in an activity or industry affecting commerce, and employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in this the current and/or preceding calendar year. 29 C.F.R. § 825.104(a).

4. At all times relevant herein, the corporate Defendant maintained policies and procedures, similar to the provisions of the FMLA, which provide its employees up to twelve (12) weeks of paid or unpaid leave each year to care for and/or obtain treatment for their own or family member's serious health condition.

5. At all times relevant herein, the Plaintiff was an "eligible employee" of the Defendant as that term is defined by the FMLA and 29 C.F.R. § 825.110. As such, Plaintiff was entitled to take a medical leave of absence under the provisions of the FMLA, as well as under the written policies and procedures maintained by the Defendant.

6. The alleged wrongs and damages described herein occurred in Mecklenburg County, North Carolina.

7. Pursuant to 28 U.S.C. § 1331, jurisdiction of this matter is appropriate in the United States District Court for the Western District of North Carolina as this action involves a question of the application of federal law.

8. Venue is appropriate in the United States District Court for the Western District of North Carolina in that the corporate Defendant has significant contacts with this district and all the transactions that form the basis of the present action occurred in this district.

## *STATEMENT OF FACTS*

9. The corporate Defendant's predecessor, NationsBank, hired the Plaintiff on or about August 24, 1998, to work in its Charlotte, NC – based, Aviation Department as a Pilot-Captain. In August, 2002, Plaintiff was authorized to operate the corporate Defendant's Gulfstream GV aircraft as a Pilot-in-Command within the Americas,

Canada, and the Caribbean. In June, 2005, Plaintiff was certified to operate Defendant's aircraft as a Pilot-in-Command outside of the United States and in any country or territory in which the corporate Defendant operated pursuant to its Aviation Operations Manual.

10. Since the date he began his employment with the corporate Defendant and at all times relevant to this Complaint, Plaintiff performed the duties of his employment in a satisfactory manner and has met all of the reasonable expectations of his employer for the positions held by him.

11. During January, 2007, Plaintiff informed his immediate supervisor, Bob Sell, that he would require surgery to treat degenerative changes and bone spurs that had developed in his knee. Mr. Sell did not, at that time, provide Plaintiff with an FMLA Notice of Rights. Subsequently, in April, 2007, Plaintiff again told Mr. Sell that he required surgery to treat his medical condition and that his surgeon had scheduled the surgical procedure for May 7, 2007. Plaintiff requested that he be permitted to take a medical leave of absence in order to obtain treatment for his medical condition.

12. In response to Plaintiff's request for leave to obtain treatment for his medical condition, Mr. Sell advised Plaintiff that if he took a medical leave of absence that Plaintiff "might not be regarded as a team player" and insinuated that Plaintiff did not need surgery for his knee. Furthermore, Mr. Sell advised Plaintiff that he could not take a medical leave of absence because he had been scheduled to captain a flight to India on or about May 12, 2007. Plaintiff stated that he intended to go forward with his surgery as scheduled.

13. On May 3, 2007, approximately three (3) weeks from the date Plaintiff informed Mr. Sell that he intended to go forward with his knee surgery, Mr. Sell advised Plaintiff that his employment had been terminated because he was an alleged "security risk." Plaintiff denies that he engaged in any activity or misconduct warranting his immediate termination of employment. Instead, Plaintiff alleges that Defendant interfered with his federally-protected rights and that he was discharged in violation of the FMLA.

14. All procedural prerequisites to the filing of this action have been fulfilled.

## FIRST CAUSE OF ACTION
### (Violation of the Family & Medical Leave Act, as amended)

15. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 14 of this Complaint.

16. The Plaintiff suffered from a serious health condition as that term is defined under 29 C.F.R. § 825.800.

17. The Defendant interfered with, restrained, and denied the attempted exercise and/or exercise of Plaintiff's federally-protected rights and, subsequently terminated his employment all in violation of the FMLA, 29 U.S.C. § 2615.

18. As a direct and proximate result of the corporate Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages, bonuses, medical health insurance benefits, and retirement benefits. Accordingly, Plaintiff is entitled to pecuniary damages in amounts to be proved at trial.

19. The acts and omissions of the corporate Defendant were committed willfully and in reckless disregard of Plaintiff's federally-protected rights. Accordingly, Plaintiff is

4

Case 3:08-cv-00193-RJC -DLH   Document 1   Filed 04/30/08   Page 4 of 7

entitled to liquidated damages in an amount equal to any amount awarded to him as pecuniary damages.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to:

A. Order the Defendant to make the Plaintiff whole by providing him with compensatory damages in an amount to be proved at trial for the loss of present and future lost wages, bonuses, incentives, health insurance, retirement and other employment benefits.

B. Order the Defendant to pay the Plaintiff liquidated damages in an amount equal to those amounts awarded to him as pecuniary damages.

C. Order the Defendant to reinstate the Plaintiff to his former position or to a position which is equivalent in pay and benefits to that from which he was unlawfully discharged.

D. Award Plaintiff his reasonable costs and attorney fees incurred in this action.

E. Grant such further and different relief to the Plaintiff as the Court deems necessary and proper under the circumstances.

### JURY TRIAL DEMANDED

The Plaintiff demands a jury trial regarding the matters alleged herein.

This the 30th day of April, 2008.

/s/ Jenny L. Sharpe
Jenny L. Sharpe, Esq.
Attorney for Plaintiff
N.C. State Bar No. 13698

5120 Monroe Road
Post Office Box 473306
Charlotte, NC  28247-3306
Telephone:  (704) 567-5297
Direct Dial:  (704) 858-2581
Facsimile:  (704) 567-5389
Email: sharpeattorney@gmail.com