# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08cv193

| DAVID R. GRAHAM, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| BANK OF AMERICA, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the joint Motion for Hearing. On December 12, 2008, the court conducted an in-chambers review of the proposed Settlement Agreement and Full and Final Release of All Claims. In such proposed resolution, the parties propose that plaintiff shall, among other things, release defendant from any claims asserted or that could have been asserted in this lawsuit under the Fair Labor Standards Act (hereinafter "FLSA") or the Family Medical Leave Act, hereinafter the "FMLA."

The Fourth Circuit has determined that a regulation implementing FMLA, 29 C.F.R. § 825.220(d), precludes the prospective and retrospective waiver of all FMLA claims. Taylor v. Progress Energy, Inc., 493 F.3d 454, 456-57, 463 (4th Cir. 2007). In reaching such conclusion, the Taylor court relied upon the regulation, which

provides in pertinent part that "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. § 825.220(d). The Taylor court reasoned that a waiver of FMLA rights through private settlement of FMLA claims would frustrate the intent of Congress to provide a minimum floor of protection for employees and imposition of uniform standards among employees. Id. Such frustration would occur and undermine the entire FMLA if employers were allowed to settle FMLA claims for less than the costs of complying with the FMLA. Id. If courts were to allow such to occur, employers who skirted the FMLA would have an unfair competitive advantage over their rivals inasmuch as they would enjoy reduced labor costs. Id. As the Taylor court held,

> [t]o avoid these problems, section 220(d) ... prohibits the waiver of all FMLA rights. All employers are held to providing the minimum leave specified, without the option to deny it and buy out claims at a later date.

Id.

This does not mean, however, that FMLA claims cannot be amicably resolved and that they must all be tried. Instead, a waiver resulting from a settlement is allowed and does not frustrate the intent of Congress if the parties obtain prior court approval. Id. The parties have done so and have provided the court with persuasive arguments in chambers that the benefit to this particular plaintiff outweighs the Congressional policies against his proposed waiver of FMLA claims. While the

settlement is confidential, the court concludes - - in light of both the strengths and weakness of plaintiff's claims as well as defendant's defenses - - that the costs to defendant in the settlement of this FMLA claim is not less than the costs of complying with the FMLA. While an actionable FMLA violation can occur even in the most vigilant workplace, the court is persuaded that defendant has policies and practices in place to ensure that it does comply with the FMLA and that it is not attempting to gain an unfair advantage in the marketplace.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the joint request for approval of the proposed Settlement Agreement and Full and Final Release of All Claims is **GRANTED,** and finding that the benefit to this particular plaintiff outweighs the Congressional policies against his proposed waiver of FMLA claims, the court hereby approves the Settlement Agreement and Full and Final Release of All Claims as proposed on December 12, 2008.

**A stipulation of voluntary dismissal shall be filed not later than January 16, 2009.**

Signed: December 12, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge